

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00049-CR

DARYL CHRISTOPHER SIMMONS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2128689

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

A Hopkins County jury convicted Daryl Christopher Simmons of the third-degree-felony offense of possession of a penalty group one controlled substance in an amount less than one gram, in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (Supp.). After Simmons pled true to the State's punishment enhancement allegation, the trial court imposed the jury's assessed sentence of twelve years' imprisonment. Simmons appeals.

Simmons's attorney on appeal has filed a brief stating that she has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record, demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

After having been provided a copy of counsel's *Anders* brief, the motion to withdraw, and a copy of the record, Simmons elected to file a pro se response.

Because Simmons has filed a pro se response, we

> may determine that the appeal is wholly frivolous and issue an opinion explaining that [we have] reviewed the record and found no reversible error or [we] may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

*Perez v. State*, No. 06-22-00013-CR, 2022 WL 5292863, at \*1 (Tex. App.—Texarkana Oct. 7, 2022, no pet.) (mem. op., not designated for publication) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)). "In the latter instance, 'only after the issues have been briefed by new counsel may the court of appeals address the merits of any issues raised.'" *Id.* (quoting *Anders*, 386 U.S. at 744). "If the court of appeals were to review the case and issue an opinion that addressed and rejected the merits raised in a pro se response to an *Anders* brief, then appellant would be deprived of the meaningful assistance of counsel." *Id.* (citing *Bledsoe*, 178 S.W.3d at 827). We have reviewed Simmons's pro se response and find no reason to remand this case for the appointment of new counsel.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas

3

Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

We affirm the judgment of the trial court.

Scott E. Stevens
Justice

Date Submitted:     December 7, 2022
Date Decided:       December 14, 2022

Do Not Publish